# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIS VERNON RHODES, | 1:07-01050 OWW DLB HC |
| Petitioner, | FINDING AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| STANISLAUS COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 14, 2007, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. On June 22, 2007, the action was transferred to this Court, and filed on July 23, 2007.

In his petition, Petitioner raises a host of claims regarding his pending criminal charges in the Stanislaus County Superior Court, including illegal search and seizure, violation of Miranda, trial judge's failure to recuse himself, ineffective assistance of counsel, violation of speedy trial rights, cruel and unusual punishment, and violation of California law.  On the form petition, Petitioner states that he was arrested on May 17, 2006, and arraigned on May 21, 2006. Petitioner checks the box entitled "Awaiting trial."  (Petition, at 2.)

DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

In this case, the determinative issue is whether comity and federalism precludes this Court from intervening in the State's criminal prosecution of Petitioner prior to trial. "As an exercise of judicial restraint . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]." Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.1980). Where, as in this case, a petitioner seeks pre-conviction habeas relief, "the exhaustion doctrine serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Id. at 83; see Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). In Braden, the Supreme Court reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial violated the second of these two purposes and was thus prohibited by principles of comity unless the Petitioner could show that "special circumstances" warranted federal intervention. Carden, 626 F.2d at 83, *quoting* Braden, 410 U.S. at 489. The "special circumstances" exception to the general rule against federal pre-conviction intervention was set out by the Supreme Court in Perez v. Ledesma:

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith and without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

410 U.S. 82, 85 (1971). Petitioner's claims fall well short of the above standards.

Petitioner first alleges that he was denied his California state statutory rights to a speedy

1  trial. Petitioner is advised that this is not a federally cognizable claim. "[T]he availability of a
2  claim under state law does not of itself establish that a claim was available under the United
3  States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489
4  U.S. 401, 409 (1989); see also 28 U.S.C. § 2254. Therefore, the claim has no merit.

   Petitioner next alleges that he was denied his constitutional due process rights to a speedy
6  trial. Even assuming Petitioner has exhausted this claim, comity and federalism preclude this
7  Court from intervening in the State's criminal prosecution of Petitioner unless he can
8  demonstrate "special circumstances" which would warrant federal intervention. Petitioner's
9  arguments do not satisfy this exception. Petitioner does not provide any instance which
10 demonstrates and proves harassment or prosecutions undertaken by state officials in bad faith.
11 Petitioner alleges judicial bias, illegal search and seizure, and a lack of assistance of counsel;
12 however, these arguments do not qualify as a special circumstance. Furthermore, Petitioner has
13 not shown any possible irreparable injury in waiting until after trial to assert his speedy trial
14 claim. As the Ninth Circuit stated in Carden v. State of Mont., "the Speedy Trial Clause . . . does
15 not embody a right which is necessarily forfeited by delaying review until after trial." 626 F.2d
16 82, 84 (C.A. Mont. 1980). Therefore, Petitioner's second claim is unexhausted and premature.

   Petitioner alleges that he has been denied the effective assistance of counsel. First, it does
18 not appear that Petitioner has exhausted this claim, as it is not listed as a claim raised to the
19 California Supreme Court. Even assuming this claim is exhausted, it is premature at best. In
20 order to succeed on an ineffective assistance of counsel claim pursuant to Strickland, a defendant
21 must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the
22 result of the proceeding would have been different." Id. at 687. Petitioner cannot establish this
23 prejudice prong because the proceeding has not concluded. As previously stated, the trial has not
24 even commenced. Furthermore, as discussed *supra*, comity and federalism preclude this Court
25 from intervening in the State's criminal prosecution of Petitioner. Petitioner has not
26 demonstrated how he will be irreparably injured by waiting until after trial to assert his claim.

   Petitioner further alleges that his rights under Miranda v. Arizona, 384 U.S. 436 (1966)
28 were violated, and he was subjected to an illegal search and seizure. Here, Petitioner's criminal

3

trial has yet to begin, thus, any claim under the Fourth Amendment or Miranda is premature under section 2254, as no evidence of the alleged illegal search has been used against him to obtain a conviction.

Petitioner alleges that the trial judge has failed to recuse himself.  Although the Due Process Clause guarantees a criminal defendant the right to an impartial judge (In re Murchison, 349 U.S. 133, 136 (1955), Petitioner's claim is again premature.  Habeas relief is limited to instances where there is proof of actual bias, or of a possible temptation so severe that one might presume an actual, substantial incentive to be biased.  Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363, 1380 (7th Cir. 1994) (en banc).  Again, as previously stated, Petitioner has yet to be convicted, and Petitioner has failed to establish a reasonable inference of bias resulting in prejudice.

With regard to Petitioner's claim arising under California law, it is not cognizable via section 2254.  Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).

Lastly, with regard to Petitioner's claim regarding misconduct by detention officials, it likewise is not cognizable via section 2254.  A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a pre-trial detainee to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The petition for writ of habeas corpus currently before this Court must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.  Petitioner is forewarned that there is a one-year limitations period following the conclusion of direct review in which Petitioner must file a federal petition for writ of habeas corpus.  28 U.S.C. §2244(d)(1).

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

1 | Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
2 | of California.  Within fifteen (15) days after being served with a copy, any party may file written
3 | objections with the court and serve a copy on all parties.  Such a document should be captioned
4 | "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
5 | shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
6 | service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
7 | 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the
8 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 | F.2d 1153 (9th Cir. 1991).

10       IT IS SO ORDERED.

11       **Dated:   August 2, 2007**            **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE