# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIS VERNON RHODES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STANISLAUS COUNTY SUPERIOR COURT,<br><br>　　　　　Respondent.<br>_____ / | 1:07-01050 OWW DLB HC<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY; ORDER DISREGARDING MOTION FOR APPOINTMENT OF COUNSEL; ORDER DIRECTING PETITIONER TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL<br><br>[Docs. 11, 14, 15] |

　　　　On September 26, 2007, the instant petition for writ of habeas corpus was dismissed, without prejudice, and judgment was entered. (Court Docs. 9, 10.)

　　　　On October 23, 2007, Petitioner filed a notice of appeal, along with a motion for the appointment of counsel and request for certificate of appealability.  (Court Docs. 13, 14, 15.)

　　　　A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

     (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

         (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right, and his request for a certificate of appealability shall be denied.

Because this Court no longer has jurisdiction over this case as judgment has been entered and Petitioner has filed a notice of appeal, Petitioner's motion for appointment of counsel shall be disregarded. If Petitioner seeks counsel on appeal, he must file such motion with the Ninth Circuit Court of Appeals.

Petitioner has submitted a motion to proceed in forma pauperis on appeal. However, Petitioner did not submit a formal application to proceed in forma pauperis including the required original signature by an authorized officer of the institution of incarceration. Additionally, Petitioner has not filed a certified copy of his prison trust account statement for the six month

period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Petitioner will be provided the opportunity to submit a new application to proceed in forma pauperis and a certified copy of his trust account statement.

    Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a certificate of appealability is DENIED;
2. Petitioner's motion for appointment of counsel is DISREGARDED;
3. The Clerk's Office shall send to Petitioner the form for application to proceed in forma pauperis on appeal; and
4. Within thirty days of the date of service of this order, Petitioner shall submit a completed application to proceed in forma pauperis and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the petition

IT IS SO ORDERED.

**Dated:   October 31, 2007**           /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE